## Commonwealth v. Cronover

*Gailey C. Keller, District Attorney,* for Commonwealth.

*Thomas Arthur James, Jr.,* for defendant.

DAVIS, *J., Specially Presiding,* January 14, 1978—Defendant is charged with operating a motor vehicle under the influence of intoxicating liquor. Pursuant to Pa.R.Crim.P. 323, defendant timely filed an application to suppress the results of the breathalyzer examination given at the time of defendant's arrest on July 11, 1977. A hearing on the suppression application was held before the court on November 3, 1977; briefs were subsequently filed by Commonwealth and defendant; and the matter is now ready for disposition.

In support of the suppression application, defendant asserts: (1) that the arrest was made without probable cause; and (2) that the breathalyzer test machine was not approved by the Department of Health. We find neither defense theory to be persuasive.

1

At the hearing, the arresting officer testified that he observed a vehicle traveling east on U.S. Route 11 at about 9:10 p.m. on July 11, 1977, and that the vehicle was proceeding at a rate of about 70 mph. The officer further stated that he saw the vehicle drift into the center lane (which is reserved for making left-hand turns) and then drift back again into the right hand lane of traffic. No turn signals were used.

According to the officer, he then followed the vehicle a short distance, about one-fourth of a mile, until the car stopped in the parking lot of an apartment building. The officer said that he approached the vehicle and found defendant sitting behind the wheel. The officer detected the odor of alcohol and noted that defendant's speech was slurred. The officer then arrested defendant while he was still sitting in his car.

We found the officer's testimony to be credible, and we conclude that he had ample probable cause to make the arrest. Defendant's high rate of speed, the drift into the left turn lane, the odor of alcohol, and the slurred speech, all of these factors, taken together, clearly furnished the officer with sufficient information to warrant his belief that defendant was driving under the influence.

## 2

The second issue raised by defendant is somewhat more troublesome. Defendant relies upon section 1547(c) of the new Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §101 et seq., which states in part: ". . . the amount of alcohol in the defendant's blood . . . which analysis was conducted with equipment of a type approved by the Department of Health . . . shall be admissible in evidence." 75 Pa.C.S.A. §1574(c).

In the instant case, the breathalyzer examination was conducted with an Alco-Analyzer Model 1000. This machine was not formally approved by the Department of Health until November 5, 1977, two days after the instant hearing, and about four months after defendant's arrest.

Hence, defendant argues that his test results are inadmissible, and should be suppressed. We cannot agree.

In our view, section 1547(c) must be interpreted together with section 1547(a). The latter section states in part: "The test shall be administered by qualified personnel and with equipment approved by the department." At section 102, the term "department" is defined as "The Department of Transportation of the Commonwealth." The Alco-Analyzer Model 1000, which was used in the in-

stant case, was approved by the Department of Transportation effective July 1, 1977, several days prior to the instant arrest.

Thus, section 1547(a) requires that all tests be conducted with equipment specifically approved by the Department of Transportation. In contrast, section 1547(c) states that test results *cannot be received into evidence* unless the equipment is *of a type* approved by the Department of Health.

In short, approval by the Department of Health is merely a prerequisite to admissibility, and nothing more. Hence, it is irrelevant that the Alco-Analyzer Model 1000 was approved on a date subsequent to the admission of the instant breathalyzer test.

. Under section 1547(c), the Department of Health need not examine each particular machine to see whether it functions properly. Rather, the Health Department is required only to approve the general "type" of machine.

Such approval must occur prior to the time that Commonwealth seeks to introduce the test results into evidence at trial. But there is nothing in section 1547(c) which even remotely indicates that the type of equipment must be approved by the Health Department prior to the administration of the test.

In any event, whether the instant test results are admissible is not the proper subject of a suppression hearing, but rather is a matter for determination at trial. At the suppression hearing, defendant asked the court to make a pretrial ruling on the admissibility of the test results. We decline to do so.

Under the circumstances, then, defendant's suppression application must be denied.

## ORDER

And now, January 14, 1978, defendant's applica-

tion to suppress certain evidence is denied. Exception noted.